990 F.2d 1256
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CALIFORNIA DIESEL & EQUIPMENT, INC., Plaintiff-Appellee,
v.
SUN EXPLORATION AND PRODUCTION COMPANY, Defendant-Appellant.
 No. 91-55894.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1993.*
Decided March 18, 1993.
 
 Before HUG, SKOPIL and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The issue in this case is whether the appraisal of $440,000 reflects the value of the property in its undivided state or whether it reflects the value of a lot that has been divided in a manner that satisfied local government requirements. The district court, acting on our remand in California Diesel v. Sun Exploration, Nos. 89-55720, 89-55623, unpublished disposition (9th Cir. Nov. 7, 1990), found inter alia that (1) the assessed property value at the time of the breach ($440,000) did not include the $100,000 cost of the lot split; and (2) the $100,000 should be added to the $440,000 value of the estate to be conveyed. We agree with the district court that the appraiser did not specifically include the cost of improvements in assessing the value of the lot. Nevertheless, we conclude that the district court erred in adding those costs to the assessed value because we conclude that the appraiser necessarily considered the benefits of the split lot when he calculated the value of the property. Accordingly, we reverse.
 
 
 3
 Sun argues that the supplemental findings are not sufficiently explicit. Cal Diesel contends that Sun waived its right to raise this issue because Sun did not ask the district court to reconsider. We disagree. Sun objected to Cal Diesel's motion in the district court and presented proposed findings of fact, which were explicit.
 
 
 4
 In our earlier decision in this case, we considered the full record containing evidence supporting Sun's position on the merits and Cal Diesel's position. We directed the court simply to find whether the lot splitting cost was included in the appraisal. The district court explicitly found that it was not. Although Fuller's direct testimony was inconsistent, the district court's finding is apparently based upon Fuller's testimony that the appraisal did not include improvements required to be made in order for the property to be sold.
 
 
 5
 However, Fuller's appraisal itself shows that the lot was appraised as if it had been split. First, Fuller deducted the amount of land that would have to be dedicated (2,230 square feet) to the city from the total size of the lot, and based the appraisal on that smaller size. Second, the comparable sales used by Fuller were of subdivided (already split) lots. Third, unless the improvements were assumed to be made, the lot has little or no market value since the improvements were prerequisites to the sale and development of the lot. The fact that Fuller concluded that the appraised value was $440,000 indicates to us that his assessment was based on the parcel as if it had been split in conformance with City's zoning requirements.
 
 
 6
 Whether the lot splitting costs should be added to the value of the estate is a question on which we did not rule in the previous appeal, and on which we did not direct the district court to make findings. We review legal questions de novo. See Brooks v. Hilton Casinos, Inc., 959 F.2d 757, 759 (9th Cir.), cert. denied, 113 S.Ct. 300 (1992).
 
 
 7
 To add the lot split expenses to the appraised value for purposes of calculating Cal Diesel's damages would be inappropriate for two reasons: First, the appraiser already considered the benefits of the lot splitting when he calculated the fair market value of the property, even though he did not increase the value of the property by the costs of the improvements that would have been made outside the lot itself, as required by the zoning commission. Second, it would be contrary to the plain meaning of section 3306. Under section 3306 of the California Civil Code, Cal Diesel is entitled to:
 
 
 8
 The detriment caused by the breach [which is] ... the price paid, and the expenses properly incurred in examining the title and preparing the necessary papers, the difference between the price agreed to be paid and the value of the estate agreed to be conveyed at the time of the breach, the expenses properly incurred in preparing to enter upon the land, consequential damages according to proof, and interest.
 
 
 9
 Cal.Civ.Code § 3306 (Deering 1993). Lot splitting costs are incurred by the seller before the lot may be conveyed. They are not expenses incurred by the purchaser in preparing to take possession of the property.
 
 
 10
 Because Sun prevails in this appeal, it is entitled to its reasonable attorney's fees for this part of the action, pursuant to the lease provision for fees.
 
 
 11
 The judgment of the district court is REVERSED and REMANDED with instructions to enter judgment for the appellant.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3